*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KEON LEWIS, | Civ. No. 24-8958 (RMB-EAP) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| VICTORIA KUHN, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. Plaintiff Keon Lewis, a prisoner incarcerated in Northern State Prison in Newark, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and paid the filing fee. (Dkt. No. 1.)

2. When a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity" courts must "review, [the] complaint in a civil action" and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) is

1

the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

3. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

4. The defendants to the complaint are Victoria Kuhn, Commissioner, New Jersey Department of Corrections ("NJDOC"); Marc Sim, Administrator, Northern State Prison ("NSP"); and Dr. Perrera, UCHC. Compl., Dkt. 1.

5. Plaintiff alleges that on May 12, 2022, he was incorrectly handcuffed for hours while traveling and suffered extreme pain and numbness. *Id.* at 5. In the Fall of 2022, Nurse Denise Johnson ordered that Plaintiff see a nerve specialist. *Id.* Plaintiff complained of severe pain in his left hand and leg for years, including on approximately twelve occasions in 2024. *Id.* at 5. At the time of filing this complaint, Plaintiff had not seen a nerve specialist. *Id.* Plaintiff has sought relief from nurses, the ombudsman, the administration, the medical supervisor, Mr. Coleman,[1] and the classification department. *Id.* at 6. The institution's doctor only prescribed pain medications. *Id.* Plaintiff's condition worsens daily, and he has begged every

---

[1] It is not clear whether Mr. Coleman is the medical supervisor or in the classification department.

department for help. *Id.* Plaintiff alleges "the doctor" asked him, "How can this be an emergency if you [are] still breathing?" *Id.* Nurse Denise Johnson said it was all in his head. *Id.* Plaintiff can barely walk, sleep or dress himself. *Id.* In summary, Plaintiff alleges Defendants failed to provide him with adequate medical care because they have not scheduled him to see a nerve specialist.

      6. "[P]rison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by intentionally denying or delaying access to medical care or interfering with the treatment once prescribed." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up). To bring an Eighth Amendment claim under 42 U.S.C. § 1983, a plaintiff must allege "the defendants were deliberately indifferent to [their] medical needs and (2) an objective showing that those needs were serious." *Id.* (cleaned up). "[W]hen medical care is provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Id.* at 535. "[R]eceipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Id.* "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). Medical malpractice may constitute a state law claim but it does not rise to the level of a constitutional violation. *See, e.g.*, *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 577 (3d Cir. 2003).

7. Supervisors are not vicariously liable under § 1983 for the acts of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). A plaintiff must allege facts showing each defendant's personal involvement in the constitutional violation alleged. *Id.* For example, a plaintiff may allege "specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies … [that] were the 'moving force' behind the harm suffered by the plaintiff." *Stones v. McDonald*, 7 F. Supp. 3d 422, 436 (D. Del.), *aff'd*, 573 F. App'x 236 (3d Cir. 2014). Furthermore, non-medical prison officials are not deliberately indifferent "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

8. Plaintiff fails to allege sufficient facts of personal involvement and deliberate indifference by the defendants. First, Dr. Perrera's name appears only in the caption of the complaint. Even assuming Dr. Perrera was the institution's doctor who allegedly prescribed Plaintiff pain medication and told Plaintiff his condition was not an emergency, such facts indicate Dr. Perrera exercised his professional medical judgment. Accepting as true the allegation that in May 2022, a nurse ordered Plaintiff to see a nerve specialist, Dr. Perrera is not bound by another medical professional's judgment. *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) ("no claim is stated when a doctor disagrees with the professional judgment of another doctor.") Because the facts indicate Dr. Perrera exercised his professional judgment, as non-medical professionals, Administrator Marc Sim and NJDOC Commissioner Victoria Kuhn

were not deliberately indifferent by failing to respond to Plaintiff's disagreement with the medical treatment he received.

9. In conclusion, this Court will **DISMISS** Plaintiff's complaint **without prejudice** for failure to state an Eighth Amendment claim under § 1983. Plaintiff is granted leave to file an amended complaint within 45 days, if he can cure the deficiencies in his claims by alleging additional facts. Failure to file an amended complaint within the allotted time will result in automatic dismissal of the complaint with prejudice.

An appropriate order follows.

Dated: March 31, 2025

<u>Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge